UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

M.D. Raffi Barsoumian,

                              Plaintiff,

                                                              **Hon. Hugh B. Scott**

                               v.                                             06CV831S

                                                                         **Order**

University of Buffalo et al.,

                               Defendant.

_____

      Before the Court are motions on behalf of the defendants seeking to compel further discovery from the plaintiff along with a modification of the scheduling order. (Docket Nos. 66 and 68).

## Background

      The plaintiff, Raffi Barsoumian ("Barsoumian") commenced this action in New York state court alleging that the defendants, University at Buffalo School of Medicine and Biomedical Sciences ("UB"), University Medical Resident Services, P.C. ("UMRS"), Roseanne Berger, M.D. ("Berger"), James Hassett, M.D. ("Hassett") and Roger Seibel, M.D. ("Seibel") [Berger, Hassett and Seibel are referred to collectively as the "individual defendants"] violated his due process rights in violation of 42 U.S.C. §1983 when they terminated him from a surgical residency program. (Docket No. 1-4, ¶¶ 85-99). The plaintiff also alleges state law claims including: breach of contract (Docket No. 1-4, ¶¶ 100-106), tortious interference with contractual relations (Docket No. 1-4, ¶¶ 107-113), and tortious interference with prospective business relations and economic advantage (Docket No. 1-4, ¶¶ 114-120). Upon removal, based

1

upon the Eleventh Amendment the complaint was dismissed as against UB in its entirety, and as against the individual defendants to the extent the plaintiff sought monetary damages against them in their official capacities. (Docket No. 43 at page 6).[1]

**Motions to Compel**

UMRS moves to compel the plaintiff to provide further answers to interrogatories, modification of the scheduling order, and a supplemental deposition of the plaintiff. (Docket No. 66 at ¶1). The individual defendants have filed a motion to compel expressly incorporating the motion filed by UMRS. (Docket No. 69). UMRS contends that a request for the production of documents and interrogatories were served upon the plaintiff on December 20, 2009, by counsel for the individual defendants. (Docket No. 66 at ¶ 3). In addition, UMRS asserts that it propounded a document request dated February 12, 2010, upon the plaintiff. (Docket No. 66 at ¶ 6). The deposition of the plaintiff was set for February 26, 2010. UMRS states that on February 22, 2010, it sent an e-mail to plaintiff's counsel asking when discovery would be received. According to UMRS, plaintiff's counsel stated that it had served the responses on February 5, 2010. UMRS asserts that no such discovery responses were sent by the plaintiff or received by UMRS until February 22, 2010. (Docket No. 66 at ¶¶ 8-10). In any event, UMRS contends that the plaintiff's responses were deficient. UMRS states that not a single document was produced with the February 22, 2010 responses. (Docket No. 66 at ¶ 11). UMRS asserts that the plaintiff failed to produce the discovery to "maneuver" the defendants into taking the plaintiff's deposition without the benefit of prior discovery. (Docket No. 66 at ¶ 10). The defendants took

---

[1] The parties agreed that the plaintiff's state law claims stand only to the extent that they are asserted against the individual defendants in their individual capacities. (Docket No. 43 at page 6).

the position that if they proceeded with the plaintiff's deposition on February 26, 2010, it would be in an effort to advance discovery, but reserved the right to re-depose Barsoumian upon full receipt of appropriate interrogatory responses and document production by the plaintiff. (Docket No. 66 at ¶ 11). UMRS also contends that it requested authorizations for employment and other records from the plaintiff, but were not provided with those authorizations until March 18, 2010. (Docket No. 66 at ¶ 12).

The deposition of Barsoumian was commenced on February 26, 2010, but not completed on that date. It was scheduled to resume on March 15, 2010. UMRS states that on March 8, 2010, the defendants did receive some discovery from the plaintiff. According to UMRS, the e-mails produced by the plaintiff as part of that discovery reflect that the plaintiff possesses further relevant "correspondence, communications, and documents" not produced by the plaintiff. (Docket No. 66 at ¶¶ 13). UMRS alleges that the continued deposition of Barsoumain was resumed on March 25, 2010, with the defendants again reserving the right to re-depose the plaintiff upon receipt of the requested discovery. (Docket No. 66 at ¶ 14).

**The December 30, 2009 Document Requests**

With respect to the December 30, 2009 document requests served by the individual defendants, the defendants assert that the plaintiff's response has been inadequate. Specifically, the defendants contends that the plaintiff's responses to Document Requests 1, 2 and 11 (propounded by the individual defendants) are not valid because the plaintiff's responses fail to identify the documents he possesses and relies upon as was respectively requested in those demands. Document Request No. 1 seeks "all documents of any kind ... relating to the events described in the complaint ..., including but not limited to any documents relating to your claim

that [the individual defendants] violated your due process rights as per your dismissal from the Surgical Residence Program ... ." The plaintiff's response to the discovery demand raises objections to the request as being overly broad, unduly burdensome, vague and ambiguous, but notwithstanding states that he relies "at least in part" on the documents attached to the complaint and "refers generally to those documents received by Plaintiff from the Defendants during the course of discovery." Further, the plaintiff lists 7 such documents which plaintiff contends are already in the possession of the defendants. (Docket No. 66 at pages 48-49). As for Document Request No. 2, the defendants sought all "documents of any kind in your possess (sic) or control relating to the events described in the complaint." The plaintiff asserted the same general objections, and stated that he relies "at least in part" upon the documents annexed as exhibits to the complaint. In addition, he again refers generally to the documents produced by the defendants in discovery. (Docket No. 66 at page 49). With respect to Document Request No. 11, the defendants sought all documents created by the plaintiff [except those created by plaintiff's counsel] concerning plaintiff's claims of due process violations on the part of the individual defendants. The plaintiff's response to Document Request No. 11 is similar to the response to Document Request No. 2. The defendants also allege that the plaintiff did not produce documents relating to Document Requests 4, 5, and 6 notwithstanding the production by the plaintiff of e-mails which reflect that the plaintiff was in possession of further relevant documents. (Docket No. 66 at ¶ 21). The defendants assert that with respect to the plaintiff's allegations of damages, no documents were produced in response to Document Requests Nos. 7, 8, 9, 12 and 14. (Docket No. 66 at ¶ 22). Finally, with respect to Document Request No. 15, which directs the plaintiff to produce all documents identified in response to the Defendant's First Set of Interrogatories, the plaintiff responded that "all such documents are believed to

already be in the possession of the defendants." (Docket No. 66 at page 55). The defendants argue that such a response is inadequate inasmuch as it does not inform the defendants of what documents the plaintiff contends are responsive to any particular interrogatory. (Docket No. 66 at ¶ 23).

**The December 30, 2009 Interrogatories**

The defendants argue that the plaintiff has failed to properly response to Interrogatories Nos. 2, 4, 5, 8, 9, 11, 13, 16, and 23. For example, with respect to Interrogatory No. 2, the plaintiff is asked to "[i]dentify the documents you reviewed in preparing the answers to these interrogatories ... listing with respect to each and every document the number(s) of the interrogatories to which such document(s) shall have relevance." The plaintiff responded: "Plaintiff responds that in preparing his responses herein he reviewed any of the documents identified herein and/or any attached hereto, which are provided as responsive to any of the Interrogatory Requests made herein." (Docket No. 66 at page 61). Since the response fails to identify any specific document, or to inform the defendants of which interrogatories any particular document is relevant, the plaintiff's response is non-responsive.

**The February 12, 2010 Document Request**

The defendants assert that the plaintiff has made no response to the document demand served by UMRS on February 12, 2010. The plaintiff's response to the instant motion does not assert that he has responded to this document demand.

**The Plaintiffs' Response to the Instant Motions**

In response to the instant motion, the plaintiff does not address the specific document responses or interrogatory answers identified by the defendants as inadequate. Instead, the plaintiff asserts that UMRS lacks standing to seek to compel the discovery requests served by the individual defendants. (Docket No. 71 at ¶ 4). Inasmuch as the individual defendants have joined and incorporated the motion filed by UMRS, the issues are properly before the Court. The plaintiff also asserts that the motions filed by the respective defendants are untimely. (Docket No. 71 at ¶¶ 6-17). On January 25, 2010, the Court issued an Amended Scheduling Order setting a discovery cutoff of March 15, 2010 and stating that all such motions shall be due 30 days prior to the discovery cut off. (Docket No. 64). The instant motions were not filed 30 days prior to the March 15, 2010 discovery cutoff. Notwithstanding, the Court has discretion to consider an untimely motion to compel. <u>Microsoft Corp. v. Federal Ins. Co.</u>, 2003 WL 548758 (S.D.N.Y. 2003). It is noted that the discovery requests, which were made within the discovery period (albeit near the close), had not been outstanding very long. The demand by the individual defendants had been served only a month and a half prior to the February 15, 2010 deadline for making motions to compel, and the demand by UMRS was served only days before. The record reflects that the defendants had corresponded with the plaintiff in an attempt to obtain responses to the discovery responses. Thus, a conclusion that the defendants had abandoned their discovery requests is unwarranted. This case is more than four years old and the Court is reticent to extend discovery. However, the Court is again guided by the fact that the public interest is best served when cases are decided on the merits. <u>AIG Managed Market Neutral Fund v. Askin Capital Management, L.P.</u>, 197 F.R.D. 104 (S.D.N.Y. 2000)(" It is unfortunate that this already complex and lengthy litigation may be protracted yet further. Under all the circumstances, however, a

discretionary extension is warranted, and comports with the Second Circuit's clearly expressed preference that litigation disputes be resolved on the merits. See Mejia v. Castle Hotel, Inc., 164 F.R.D. 343, 345 (S.D.N.Y.1996); Cody v. Mello, 59 F.3d 13, 15 (2d Cir.1995)"). In light of the procedural history of this case, the Court finds that the defendants were not so dilatory in their attempts to obtain the discovery in question, that the Court would decline to consider the instant motions as untimely made.

As to the merits of the instant motions, the plaintiff asserts generally that "he has provided all necessary information to the defendants." (Docket No. 71 at ¶18). The plaintiff claims that the defendants already possess the documents they seek from the plaintiff. However, the defendants are entitled to specific responses to their specific discovery requests. The motion to compel is granted. Within 15 days of the date of this Order, the plaintiff shall supplement its responses to the December 30, 2009 discovery requests and respond to the February 12, 2010 document demand. The plaintiff may not rely upon the assertion that the documents requested by the defendants have been produced by the defendants, but instead shall produce the plaintiff's own copies of any of the requested documents. The discovery responses should, where asked, specifically identify documents as relating to a particular claim, document demand or interrogatory. A supplemental deposition of the plaintiff shall take place within 30 days of the date of this Order.

**Modification of the Scheduling Order**

The additional discovery to be conducted shall be limited to the depositions and related document discovery specifically addressed in the instant motions. In light of the above, the following dates shall apply:

1. This case has previously been referred to mediation. The parties are encouraged to continue mediation efforts to resolve this matter.

2. In the event settlement is not effectuated through mediation, dispositive motions, if any, shall be filed no later than **August 30, 2010**.

So Ordered.

                                                                            /s/ Hugh B. Scott
                                                                            United States Magistrate Judge
                                                                            Western District of New York

Buffalo, New York
June 22, 2010