UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RAFFI BARSOUMIAN, M.D.,

               Plaintiff,

v.                                                 **DECISION AND ORDER**
                                                               06-CV-831S

UNIVERSITY AT BUFFALO, THE STATE
UNIVERSITY OF NEW YORK SCHOOL OF
MEDICINE AND BIOMEDICAL SCIENCES,
UNIVERSITY MEDICAL RESIDENT SERVICES,
P.C., ROSEANNE BERGER, M.D., JAMES
HASSETT, M.D., ROGER SEIBEL, M.D.,

               Defendants.

## I. INTRODUCTION

Plaintiff Raffi Barsoumian, M.D., commenced this action in November 2006 seeking injunctive relief and damages for Defendants' failure to reinstate him in a medical residency program after he successfully grieved the non-renewal of his employment agreement. In a March 19, 2012 Decision and Order, this Court denied the Motion for Summary Judgment of Defendant University Medical Resident Services, P.C. ("UMRS") and granted in part and denied in part the Motion for Summary Judgment of Defendants Roseanne Berger, M.D., and James Hassett, M.D. This Court also granted in part Plaintiff's Motion for Partial Summary Judgment, specifically ordering that Defendants reinstate Plaintiff as a third-year resident on probation. Pending before this Court is Plaintiff's Motion for Reconsideration and/or Clarification of this prior order.[1]

---

[1] In support of his motion, Plaintiff submitted the Attorney Affirmation of Christen Archer Pierrot, Esq., with Ex. A (Docket No. 108). UMRS responded with the Affidavit of Earl K. Cantwell, Esq. (Docket No. 111). The individual defendants submitted the Declaration of Dr. Roseanne Berger (Docket No. 112), the Declaration of David J. Sleight, Esq. (Docket No. 113), and an opposing Memorandum of Law (Docket

1

## II. BACKGROUND

Briefly, Plaintiff was admitted to the Surgical Residency Program of University at Buffalo, the State University of New York School of Medicine and Biomedical Science, in March 2002. (Complaint, Docket No. 1-4, ¶¶ 22-23; Declaration of James Hassett, M.D., Docket No. 80, ¶ 9). In June 2004, shortly after the commencement of Plaintiff's third year in the program, Plaintiff was placed on probation for six months as a result of his "continued unprofessional behavior." (Hassett Decl. ¶¶ 18, 20-21; Compl. ¶ 43). While on probation, Plaintiff received unsatisfactory evaluations on two of his trauma rotations at Erie County Medical Center Corporation ("ECMC"), and various additional concerns were raised throughout the probationary period by faculty regarding Plaintiff's professionalism, clinical ability, and honesty. (Hasset Decl. ¶ 25-35, Ex. D; Compl. ¶ 44). Nonetheless, Plaintiff was taken off probation and restored to "good standing," purportedly due to his completion of the educational enhancement process. (Hasset Decl. ¶ 36 Ex D.; Pl's St. Undisputed Facts ¶ 30). Days later, by letter dated January 18, 2005, Defendant James Hassett, M.D., the Residency Program Director, informed Plaintiff that he would be recommending termination of Plaintiff's training at the end of the academic year because of the observations and concerns of the faculty. (Hassett Decl. ¶¶ 1, 37; Pl's St. Undisputed Facts ¶ 31-35).

Plaintiff requested and was granted a Level III review of the non-renewal decision,

---

No. 114). Plaintiff filed a reply Attorney Affirmation of Pierrot with Exs. A-F (Docket No. 115). Plaintiff subsequently filed an additional attorney affirmation (Docket No. 116), which this Court treated as a request to supplement Plaintiff's original submission and granted that request (Docket No. 120). The Court further considered the supplemental reply Affidavit of Cantwell (Docket No. 121) and the reply Declaration of Defendant Berger (Docket No. 122). Plaintiff filed a supplemental reply Attorney Affirmation of Pierrot (Docket No. 127).

and a hearing was held on October 31, 2005.  (Compl. ¶ 68; Hassett Decl. ¶ 49).  During the hearing, the Level III Grievance Committee questioned why Plaintiff was determined to have successfully completed probation when he received two unsatisfactory evaluations.  (Hassett Decl. Ex. OO, Docket No. 80-2 at 213-216).   As reflected in the grievance decision, Hassett asserted that this was done to allow Plaintiff to apply to other programs while completing his third year in good standing.  (Hassett Decl. Ex. OO).  The Level III Committee found that because Plaintiff's "removal from probation could reasonably be construed to imply that [Plaintiff] successfully remediated all issues, . . . the decision[] to then notify him of a non-renewal of his contract [was] inappropriate."  (Id.). Although "the process of non-renewal decision making was flawed," the committee noted that its decision did not "imply, in either a positive or negative fashion, that the information contained within [Plaintiff's] file regarding [his] professionalism either supports or negates this conclusion."  (Id.).

Plaintiff was restored to payroll in November 2005 and received back pay from June 2005.  (Compl. ¶ 71; Hassett Decl. ¶ 50).  Plaintiff was never returned to residency training, however, and on July 26, 2006, he was removed from UMRS payroll.  (Pl's Statement Undisputed Facts ¶ 64).   Plaintiff commenced the instant action in New York State Supreme Court, Erie County, alleging, among other things, that Defendants Berger and Hassett deprived him of his Fourteenth Amendment Due Process rights in violation of 42 U.S.C. § 1983, and that Defendant UMRS breached the employment agreement. (Compl. ¶¶ 80-120). Following the recent summary judgment motions, this Court determined that Plaintiff was entitled to partial summary judgment with respect to the breach of contract claim against UMRS and the § 1983 claim against the individual defendants in their official

capacity, and ordered that Plaintiff be reinstated in the residency program.

## III. DISCUSSION

In his motion for reconsideration or clarification, Plaintiff requests that the Court set a date certain by which time Defendants must have reinstated Plaintiff to his residency, and that the Court reconsider the order that this reinstatement be to a probationary status. Plaintiff further requests that a hearing on monetary damages, an issue left open in the prior order, be scheduled and that he be granted permission to file an interlocutory appeal with respect to the Court's ruling that Defendants Hassett and Berger were entitled to qualified immunity.

The decision to grant or deny a motion for either reconsideration or clarification is within the sound discretion of a district court judge. Salamon v. Our Lady of Victory Hosp., __ F.Supp.2d __, 2012 WL 1119750, *13 (W.D.N.Y. 2012); American ORT, Inc. v. ORT Israel, No. 07-CV-2332, 2009 WL 233950, *3 (S.D.N.Y. Jan. 22, 2009). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995). Notably, the only issue on which Plaintiff actually asks this Court to change a prior ruling is that part of the reinstatement order requiring Plaintiff to be placed on probation.

Plaintiff contends that this Court overstepped its authority by ordering that Plaintiff be reinstated on a probationary status, rather than simply just reinstated. This Court agrees with Plaintiff that the oversight of Plaintiff's medical training, including decisions regarding the necessity of probation, is appropriately left to the Program Director and

university faculty. See Affirm. of Christen Archer Pierrot, Esq., Docket No. 108-1, ¶ 11. Plaintiff ignores, however, the fact that the record before the Court established the determination of the Program Director, among others, that probation was necessary. As discussed by the Level III grievance committee, Dr. Hassett removed Plaintiff from probation despite two unsatisfactory rotation evaluations based on his decision that Plaintiff's unsatisfactory performance warranted the harsher result of the non-renewal of his contract. Hassett Decl. ¶¶ 35-37. In determining that the non-renewal was procedurally improper, the Levell III grievance committee expressly noted that no decision was being rendered with respect to Plaintiff's professionalism. Hassett Decl. Ex. OO. Instead, it was found that "[i]f there were still major outstanding issues, such as the unsuccessful completion of the trauma rotations at ECMC, *then probation should have been continued* until these were addressed." Hassett Decl. Ex. OO (emphasis added). Accordingly, this Court declines to reconsider the issue of Plaintiff's reinstatement to probationary status.

Clarification is warranted with respect to the issue of whether this probation is grievable by Plaintiff, and Plaintiff's motion will be partially granted in that regard. See generally American ORT, Inc., 2009 WL 233950, *3 (clarification of a prior order is within the sound discretion of the trial court where it will add certainty to the parties' efforts in complying with an order). As noted above, Plaintiff was in fact removed from probation prior to his non-renewal, and the Level III Grievance Committe found that Plaintiff could have construed this removal as a finding he had successfully remediated all issues for which he had been placed on probation. Hassett Decl. Ex. OO. Further, UMRS concedes with respect to the unresolved trauma rotations that Plaintiff "was never placed on

5

probation for those issues in the first place." Reply Aff. of Earl K. Cantwell, Esq., Docket No. 121, ¶ 10 (emphasis removed).  It therefore appears from both Plaintiff's and UMRS' submissions that this is a new, rather than continuing, probation, and therefore is grievable as such in accordance with the governing grievance procedures.  Indeed, there was nothing in the Court's prior order that would limit or modify either Plaintiff's grievance rights pursuant to employment agreement or Defendants' obligations with respect to supervising surgical residents in the treatment of patients.

With respect to damages, this Court found that although Plaintiff established his entitlement to partial summary judgment on UMRS' liability for the breach of contract claim, the possibility that Plaintiff's damages included lost wages from a surgical practice was speculative as a matter of law where such a conclusion necessarily assumed Plaintiff's successful completion of not only his third year, but the remaining two years of the residency program as well.  It was further noted in the prior Decision and Order that in Plaintiff's motion for partial summary judgment, in addition to requesting specific performance, he reserved on the issue of monetary damages.  See generally Versatile Housewares & Gardening Sys. v. Thill Logistics, Inc., 819 F.Supp.2d 230, 239-241 (S.D.N.Y. 2011)(an award of specific performance does not necessarily preclude an award of monetary damages).  The record was and is unclear whether Plaintiff is claiming monetary damages "directly traceable" to the breach of contract that do not consist of lost earnings from his hypothetical future salary as a surgeon. Brown v. City of New York, No. 95-CV-3693, 2001 WL 1111520, *3 (S.D.N.Y. Sept. 21, 2001), citing Kenford Co. v. Erie County, 67 N.Y.2d 257, 261 (N.Y. 1986); see Carco Group, Inc. v. Maconachy, 383 Fed. Appx. 73, 75 (2d Cir. 2010); ESPN, Inc. v. Office of Comm'r of Baseball, 76 F.Supp.2d 416,

418 (S.D.N.Y. 1999).

Finally, because the issue of monetary damages remains unresolved, the prior Decision and Order is not an appealable final order.[2] Petereit v. S.B. Thomas, Inc., 63 F.3d 1169, 1175 (2d Cir. 1995), cert denied 517 U.S. 1119 (1996). It is therefore necessary for this Court to consider Plaintiff's request to file an interlocutory appeal. The grant of an interlocutory appeal "is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996). In exercising its discretion in determining whether to grant such a request, a district court considers whether the order being appealed "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292 (b). Here, Plaintiff seeks to appeal from that part of the prior Decision and Order holding that Defendants Hassett and Berger were entitled to qualified immunity with respect to the § 1983 claim asserted against them in their individual capacities. Initially, this issue does not present a controlling question of law, as a reversal of this part of the prior decision would neither expedite nor terminate the action. See Century Pacific, Inc. v. Hilton Hotels Corp., 574 F.Supp.2d 369, 372 (S.D.N.Y. 2008), affd 354 Fed. Appx. 496 (2d Cir. 2009). Further, " '[u]nlike an order denying summary judgment based on qualified immunity, an appellant's objection to the district court's order [granting summary judgment] is in no danger of becoming moot if appellate consideration is delayed until final judgment.'

---

[2]Even if it was a final order, Plaintiff's notice of appeal would not become effective until the entry of the order disposing of Plaintiff's motion for reconsideration. See Fed. R. App. P. 4 (4)(B); New Windsor Volunteer Ambulance Corps, Inc. v. Meyers, 442 F.3d 101, 120 (2d Cir. 2006).

" Morris-Hayes v. Bd. of Educ. of Chester Union Free School Dist., 423 F.3d 153, 163 (2d Cir. 2005), quoting Winfrey v. School Bd. of Dade County, 59 F.3d 155, 158 (11th Cir. 1995). Plaintiff's request for leave to file an interlocutory appeal is therefore denied.

Finally, Plaintiff concedes that he has been reinstated to the residency program as a third-year resident as of June 4, 2012, therefore his request that the Court set a date certain for reinstatement is moot. Plaintiff's remaining arguments, including those regarding the terms of the probation and an unresolved prior grievance, are outside the scope of the motion for reconsideration/clarification of the prior Decision and Order. In any event, just as the determination to place Plaintiff on probation is, as Plaintiff himself argues, one within the purview of the Program Director and faculty, so is the decision as to what terms are academically required for that probation. Plaintiff's recourse is the grievance procedure, not micromanagement by this Court.

## IV.  CONCLUSION

Plaintiff's motion is denied insofar as it seeks reconsideration, and granted with respect to the request for clarification of the prior order.

## V.  ORDERS

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration and Clarification (Docket No. 108) is GRANTED in part and DENIED in part.

SO ORDERED.

Dated:   July 28, 2012
         Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Judge

8