UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RAFFI BARSOUMIAN, M.D.,

          Plaintiff,

        **NOTICE OF MOTION TO RECOVER ATTORNEYS' FEES & COSTS FROM DEFENDANTS BERGER & HASSETT**

  -  vs. -

UNIVERSITY AT BUFFALO THE STATE
UNIVERSITY OF NEW YORK OF MEDICINE
AND BIOMEDICAL SCIENCES,

        Civil No.: 06 CV-831(S)

UNIVERSITY MEDICAL RESIDENT
SERVICES, P.C.,

ROSEANNE BERGER, M.D.,
Individually and as Senior Associate
Dean of Graduate Medical Education,

JAMES HASSETT, M.D.,
Individually and as Program
Director of the Department of Surgery,
and

ROGER SEIBEL, M.D.,
Individually and as Professor of
Surgery in the Department of Surgery

          Defendants.
_____

TO THE ABOVE-NAMED DEFENDANTS:

  Please take notice, that upon the attached affirmation submitted in support of this motion, and pursuant to 42 USC 1988(b), Plaintiff will move this Court at the United States Courthouse, 2 Niagara Square, Buffalo, New York at a date and time to be determined by the Court, for an Order awarding reasonable attorneys' fees and costs to Plaintiff.

  Please also take notice that Plaintiff is hereby requesting oral argument on this motion.

Dated: August 7, 2013
     Hamburg, New York                     /s/ Christen Archer Pierrot

                                                           _____
                                                           Christen Archer Pierrot, Esq.
                                                           Chiacchia & Fleming, LLP
                                                           *Counsel for Plaintiff*
                                                           5113 South Park Avenue
                                                           Hamburg, New York 14075
                                                           Telephone: (716) 648-3030
                                                           cap@cf-legal.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RAFFI BARSOUMIAN, M.D.,

                                               Plaintiff,        **AFFIRMATION IN SUPPORT OF MOTION TO RECOVER ATTORNEYS' FEES & COSTS FROM DEFENDANTS BERGER & HASSETT**

                - vs. -

UNIVERSITY AT BUFFALO THE STATE
UNIVERSITY OF NEW YORK OF MEDICINE
AND BIOMEDICAL SCIENCES,

                                                                        Civil No.: 06 CV-831(S)

UNIVERSITY MEDICAL RESIDENT
SERVICES, P.C.,

ROSEANNE BERGER, M.D.,
Individually and as Senior Associate
Dean of Graduate Medical Education,

JAMES HASSETT, M.D.,
Individually and as Program
Director of the Department of Surgery,
and

ROGER SEIBEL, M.D.,
Individually and as Professor of
Surgery in the Department of Surgery

                                    Defendants.
_____

       CHRISTEN ARCHER PIERROT, ESQ., under the penalties of perjury, hereby declares and says that:

       1.     I am an attorney associated with the law firm of Chiacchia & Fleming, LLP, counsel for the Plaintiff, Raffi Barsoumian, M.D., herein.

2. I submit this affirmation in support of Dr. Barsoumian's instant application for an award of reasonable attorneys' fees to be assessed against the Defendants Roseanne Berger, M.D. and James Hassett, M.D. (hereinafter referred to as "Berger" and "Hassett").

3. Plaintiff commenced this action, in New York State Supreme Court, on November 16, 2006, to seek redress for Defendants' deprivation of his rights under 42 U.S.C. §1983, for Fourteenth Amendment Procedural and Substantive Due Process Violations, breach of contract, tortious interference with contractual relations and tortious interference with prospective business relations and economic advantage. Plaintiff sought, among whatever further relief the Court deemed just and equitable, compensatory and punitive damages, injunctive relief, reinstatement, specific performance of his contract and an immediate declaratory judgment.

4. On January 22, 2007, Defendants Berger, Hassett, Siebel and The University at Buffalo moved to dismiss the action for Plaintiff's failure to join necessary parties. On March 11, 2009, this Court denied that motion.

5. On August 27, 2010, Defendant University Medical Resident Services ("UMRS") moved for summary judgment.

6. On August 30, 2010, Plaintiff filed a cross-motion for partial summary judgment on the issue of liability.

7. Also on August 30, 2010, Defendants Berger and Hassett moved for summary judgment.

8. The motions were fully briefed before the Honorable William M. Skretny who, on March 19, 2012, issued a Decision granting Plaintiff's motion for partial summary judgment with respect to his breach of contract claim against UMRS. Docket #107, pg. 13. Further, and

critically, with respect to Plaintiff's claims against Berger and Hassett in their official capacities, the Court granted Plaintiff's motion for summary judgment on his procedural due process claim under 42 U.S.C. §1983 and held that "with respect to this cause of action against Defendants in their official capacity, Plaintiff is, as concluded above, entitled to equitable relief in the form of reinstatement as a PGY3 resident on probation." Docket #107, pg. 16. The Court specifically granted that part of Plaintiff's motion for summary judgment requesting reinstatement. Docket #107, pg. 23-24.

9. On April 16, 2012, because Defendants continued to take the position that neither the terms of Plaintiff's court-ordered probation, nor the probation itself, were grieveable, Plaintiff moved for reconsideration and for clarification of this Court's March 19, 2012 Order.

10. On July 30, 2012, this Court granted that part of Plaintiff's motion that sought clarification of the March 19, 2012 Order and held that clarification was warranted with respect to the issue of whether the probation ordered by the Court through the March 19, 2012 Order was grievable by Plaintiff. Specifically, the Court went on to hold that:

> "it therefore appears from both Plaintiff's and UMRS' submissions that this is a new, rather than continuing, probation, and therefore is grievable as such in accordance with the governing grievance procedures. Indeed, there was nothing in the Court's prior order that would limit or modify either Plaintiff's grievance rights pursuant to employment agreement or Defendants' obligations with respect to supervising surgical residents in the treatment of patients." Docket # 130, pg. 6.

11. Plaintiff was certainly a prevailing party on this Court's grant, in part, of Plaintiff's motion for reconsideration and clarification inasmuch as the Court's clarification of Plaintiff's right to grieve his probation, which Defendants were refusing to allow previously, allowed Plaintiff to achieve success on his efforts to grieve the terms of the court-ordered probation and clarify his rights and obligations and expectations under the plan of probation. Plaintiff succeeded on his application to the Court that it permit him to grieve his probation and an award of

attorneys' fees through the issuance of that decision is appropriate.

12. On July 24, 2013, a final judgment in the case was filed. This case is now closed.

13. Plaintiff now moves this Court for an award of reasonable attorneys' fees and costs. The time frame Plaintiff is seeking attorneys' fees and costs for is November 16, 2006, the date he commenced his Section 1983 claims, through July 30, 2012, the date this Court granted, in part, his motion for reconsideration and clarification and held, in Plaintiff's favor, that the court-ordered probation of March 19, 2012 was, in fact, grievable.

14. 42 U.S.C. 1988(b) provides, in pertinent part, that in any action or proceeding to enforce a provision of Section 1983 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

15. A plaintiff must be a "prevailing party" to recover an attorney's fee under §1988. To be a prevailing party, a civil rights litigant must obtain actual relief on his claim that alters the legal relationship between the parties.  Sole v. Wyner, 551 U.S. 74, 127 S.Ct. 2188 (U.S. 2007). Crucially, Plaintiff need not succeed upon all issues to be prevailing; it is enough that he succeeds upon *any* significant issue that achieves some benefit sought in bringing suit.  Peterkin v. Riverbay Corp., 27 Misc.3d 1214(A), 910 N.Y.S.2d 407 (N.Y. Sup. 2010).

16. Here, this Court has determined, in Plaintiff's favor, that Defendants Berger and Hassett, in their official capacities, violated Plaintiff's right to procedural due process under 42 U.S.C. §1983 and ordered that he be reinstated into his medical residency program.  Plaintiff was successfully reinstated into the program that he was unlawfully removed from seven years prior. Critically, since this Court's decision granted Plaintiff's motion for partial summary judgment on the issue of his Section 1983 claim, while also denying Plaintiff's claim for monetary damages on the basis that same were too speculative, reinstatement became the ***only*** remedy available to

Plaintiff.  Because this Court ordered Defendants Berger and Hassett to reinstate the Plaintiff, Dr. Barsoumian prevailed on a critical issue.   An award of attorneys' fees is justified and warranted in this case inasmuch as Dr. Barsoumian was undeniably denied the due process to which he was entitled and was forced to expend tens of thousands of dollars in fees and costs just to get back to square one, i.e., reinstatement into a medical residency program he should have never been dismissed from in the first instance.   Plaintiff, under these circumstances, was certainly a prevailing party on his Section 1983 claim against Defendants Berger and Hassett in their official capacities for their violation of his rights to procedural due process.   On that basis, he is entitled to attorneys' fees pursuant to 42 U.S.C. §1988(b).

17. The Second Circuit has determined that a "reasonable hourly rate is the rate a paying client would be willing to pay" and further, that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill Concerned Citizens Neighborhood Ass'n et al. v. County of Albany and Albany County Board of Elections, 522 F3d 182, 190 (2d Cir 2007).   It should be noted that the Second Circuit, in its Arbor Hill decision, purported to abandon use of the term "lodestar," Arbor Hill, 522 F.3d 182, 190 (2d Cir. 2008), writing that, "[w]hile we do not purport to require future panels of this court to abandon the term - it is too well entrenched - this panel believes that it is a term whose time has come." Id.   The Arbor Hill bench preferred to rename the "lodestar" method of calculating a reasonable attorney fee to "the presumptively reasonable fee". Id. at 18.

18. According to Arbor Hill, in determining a presumptively reasonable fee, a district court should, in its discretion, "bear in mind *all* of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." Id. at 190.

19. The Second Circuit has instructed that the "reasonable hourly rate is the rate a paying client would be willing to pay," and went on to write that "[i]n determining what rate a paying client would be willing to pay, the district court should consider, among others, the Johnson factors . . ." Arbor Hill, 522 F.3d at 190.

20. There are twelve Johnson factors. They are as follows: (1) the time and labor required; (2) the novelty or difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See* Arbor Hill, 522 F.3d at 187, *citing* Johnson v. GA Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).

21. The time and labor required for Plaintiff's counsel to commence suit against Defendants, engage in lengthy, protracted discovery, depositions, discovery motion practice, defended frivolous motions to dismiss and handle summary judgment motions, both affirmatively and defensively, together with other work associated with the litigation such as research, conferencing the case and speaking with fact witnesses, was very laborious and significant. Indeed, Plaintiff's case took nearly six (6) years from the commencement of suit through motions to finally achieve favorable decisions on summary judgment and on a motion for reconsideration and clarification.   In addition, the difficulty of the questions presented in this litigation was significant.

22.     The level of skill required in order for Plaintiff's counsel to perform the legal services at issue properly was great.   Plaintiff's counsel navigated their way through a morass of procedural and substantive questions of law, conducted lengthy discovery, deposed several key witnesses, analyzed and scoured volumes of discoverable materials and pleadings and successfully moved for summary judgment and for clarification of the order partially granting same, ultimately achieving both reinstatement for Plaintiff and the right to grieve his post-reinstatement probation.

23.     The stakes involved in this case were incredibly high.   A physician's career and future was at stake. Indeed, this Court having ruled that monetary damages were too speculative to be awarded, the only relief remaining to Plaintiff was reinstatement into his residency program, which Plaintiff's counsel was able to achieve for him.

24.     Here, Plaintiff's counsel has reasonably expended approximately 345.92 billable hours, *over five years and eight months*, in analyzing and studying the file, readying this case for litigation, researching the critical issues of law relative to Plaintiff's claims, conducting lengthy paper discovery as well as depositions, preparing and arguing in support of and in opposition to motions before this court, successfully moving for summary judgment on his Section 1983 claims against Berger and Hassett and on his breach of contract claim against UMRS, and responding to and defeating Defendants' motion for summary judgment, among other things. Attached hereto as **Exhibit "A"** is a true and accurate copy of the time records relevant to this matter.   The hours spent on this matter, viewing the totality of work involved, were low. Our firm's rates are low. Our firm performed this work inexpensively and efficiently.

25.     The time records break down as follows for the period Plaintiff is seeking attorneys' fees: Andrew P. Fleming, Esq. expended 51.1 billable hours on Mr. Barsoumian's file at a billed rate of $175 per hour; 6.55 billable hours at a billed rate of $200 per hour, 3.7 billable

hours at a billed rate of $250 per hour and 3.55 billable hours at a billed rate of $275 per hour for a total billed amount of **$12,153.75**.  I expended 47.6 billable hours on Mr. Barsoumian's file at a billed rate of $125 per hour; 69 billable hours at a billed rate of $150 per hour, 92 billable hours at a billed rate of $165 per hour, 50.87 billable hours at a billed rate of $175 per hour and 16.5 billable hours at a billed rate of $200 an hour for a total billed amount of **$43,814.25**.  Tiffany Kopacz, Esq. expended .75 billable hours at a billed rate of $125 per hour for a total billed amount of **$93.75**. Brent Salevsky, Esq. expended 3.8 billable hours at a billed rate of $150 per hour and .5 billable hours at a billed rate of $165 per hour for a total billed amount of **$652.50**.

26.     Paralegal Coriann Carson expended .8 billable hours at a billed rate of $75 per hour and 2.3 billable hours at a billed rate of $85 per hour for a total billed amount of **$255.50**. Paralegal Maria Dolan expended 1.1 billable hours at a billed rate of $85 per hour for a total billed amount of **$93.50**.  Paralegal Lynn Kozakiewicz expended 5.8 billable hours at a billed rate of $75 per hour and 13.5 billable hours at a billed rate of $85 per hour for a total billed amount of **$1,582.50**.

27.     The total attorneys' fees sought on this motion are **$58,643.75**.  The expenses sought as part of this motion total an additional **$7,119.73** (*See* Exhibit "A"), of which $3,556.69 Plaintiff paid directly. (*See* **Exhibit "B"**).

28.     Chiacchia & Fleming, LLP, understanding the financial difficulties had by prospective plaintiffs seeking to bring employment claims for various violations of their civil rights and other rights through litigation, charges discounted hourly rates for this type of work. For sure, even individuals who do not lose their income face economic hardship financing litigation that can cost upwards of $50,000.  Defendants, of course, face no such dilemma when summarily violating a Plaintiff's civil rights.

29. I have been associated with the law firm of Chiacchia & Fleming, LLP since I was admitted to practice law in February 2004. I have been responsible for handling all aspects of employment litigation matters, including specifically claims pursuant to 42 U.S.C. §1983.

30. Mr. Fleming has been practicing law for nearly 28 years and has significant experience in handling labor and employment matters.

31. Mr. Salevsky has been practicing for over 3 years and has experience litigating all types of claims, including labor and employment claim and Section 1983 claims.

32. Ms. Kopacz has been practicing for over 14 years and has significant experience litigating all types of claims in both state and federal court.

33. I respectfully assert that there can be no dispute that hourly rates of $125 to $200 per hour are more than reasonable attorney rates for my services. The same holds true for Mr. Fleming's charged rates of $175 to $275 per hour, Mr. Salevsky's charged rates of $150 to 165 per hour, and Ms. Kopacz's charged rate of $125 per hour. I further assert that all are substantially lower than the prevailing market rates for which an attorney with similar skill, experience, and reputation could command. Thus, it is Plaintiff's respectful contention that he be awarded the full amount of attorneys' fees and expenses incurred from the commencement of litigation on November 16, 2006 through this Court's ruling on Plaintiff's motion for reconsideration and clarification on July 30, 2012.

34. Notably, the Western District, in <u>Klimbach v. Spherion Corp.</u>, 467 F.Supp.2d 323 (W.D.N.Y. 2006), approved an award of fees to the prevailing plaintiff therein in the amount of $250 per hour for partners and $180 per hour for associates, for a total fee award in excess of $100,000; *see also* <u>I.L.G.W.U. National Retirement Fund</u>, 2003 WL 135797, *2 (S.D.N.Y. 2003) (Holding that attorneys are entitled to market rates even where they bill discounted rates to their

clients and approving a market rate of $350 per hour where the partners had only billed their clients at $120 per hour)

35.     Certainly Defendants should not benefit from Chiacchia & Fleming's willingness to provide discounted rates to plaintiffs, like Dr. Barsoumian, in order to provide such individuals with the means of prosecuting their cases. Only Dr. Barsoumian, and others similarly situated, should benefit from the reduced rate. Indeed, for the taxing of an attorneys' fee award to be a successful deterrent, Defendants should expect and be compelled to pay an amount that represents the prevailing rate in the community.

36.     Lastly, in Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933 (U.S.S.C. 1983), the Supreme Court addressed the situation, such as here, where Plaintiff is successful on their primary claim for violation of their rights under Section 1983 but unsuccessful on other claims brought in the action.   The Court recognized that, in some cases:

> "plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id. at 435.   The Hensley Court went on to hold that "where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass **all** hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances, the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.   Id.

37.     Here, even though Plaintiff failed to prevail on his claim against Defendants Hassett and Berger in their Individual Capacities, or on his claims for tortious interference with contractual relations and tortious interference with prospective business relations and economic

advantage, he was successful in seeking redress against Defendants Hassett and Berger in their official capacities on his Section 1983 claim and decidedly won and achieved the *ultimate* result; reinstatement into his residency program.   Respectfully, this Court should neither reduce nor limit Plaintiff's request for fees because he was not successful on each and every cause of action he brought, particularly where the causes of action on which he was unsuccessful are not ones where an award of attorneys' fees are even awarded to successful Plaintiffs in the first place, and, where the factual underpinnings of the underlying claims are materially linked to and part and parcel of Plaintiff's claims under 42 U.S.C. §1983.

WHEREFORE, it is respectfully asserted that Plaintiff's motion for an award of attorneys' fees be granted in its entirety and that this Court issue an Order awarding Plaintiff his attorneys' fees totaling $58,643.75, in addition $7,119.73 in expenses for a total award of $65,763.48, together with any such further relief as this Court deems just and proper.

Dated:  August 7, 2013
        Hamburg, New York

/s/ Christen Archer Pierrot
_____
Christen Archer Pierrot, Esq.
CHIACCHIA & FLEMING, LLP
*Counsel for the Plaintiff*
5113 S. Park Avenue
Hamburg, New York 14075
Tel: (716) 648-3030
E-Mail: cap@cf-legal.com