UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RAFFI BARSOUMIAN, M.D.,

                          Plaintiff,

         v.                                                    **DECISION AND ORDER**
                                                               06-CV-831S
UNITED STATES AT BUFFALO, THE STATE
UNIVERSITY OF NEW YORK SCHOOL OF
MEDICINE AND BIOMEDICAL SCIENCES,
UNIVERSITY MEDICAL RESIDENT SERVICES,
P.C., ROSEANNE BERGER, M.D., JAMES
HASSETT, M.D., ROGER SEIBEL, M.D.,

                          Defendants.


## I.  INTRODUCTION

Plaintiff Raffi Barsoumian, M.D., commenced this action in November 2006 seeking injunctive relief and damages for Defendants' failure to reinstate him in a medical residency program after he successfully grieved the non-renewal of his employment agreement.  In a March 18, 2012 Decision and Order, this Court, among other things, granted Plaintiff's motion for partial summary judgment against Defendants Roseanne Berger, M.D., and James Hassett, M.D. in their official capacities with the University at Buffalo, the State University of New York School of Medicine and Biomedical Sciences.  Defendants were ordered to reinstate Plaintiff to the program as a resident on probation.

Presently before this Court is Plaintiff's motion seeking attorneys' fees in connection with this successful § 1983 claim for prospective injunctive relief.  Familiarity with the facts and procedural history of this case is assumed.

## II. DISCUSSION

Pursuant to 42 U.S.C. § 1988(b), a court, in its discretion, may award reasonable attorney's fees to a prevailing party in an action brought pursuant to § 1983.  Where, as here, attorneys' fees are ancillary to the grant of prospective relief against Defendants in their official capacities, specifically Plaintiff's reinstatement, the Eleventh Amendment does not apply as a bar to the monetary award. Missouri v. Jenkins, 491 U.S. 274, 280, 109 S. Ct. 2463, 2467-68, 105 L. Ed. 2d 229 (1989); N.Y.C. Health & Hosp. Corp. v. Perales, 50 F.3d 129, 135 (2d Cir. 1995).

### A.     Reasonable Attorneys' Fees

Both the Second Circuit and the Supreme Court have held that "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'" Millea v. Metro-North Railroad Co., 658 F.3d 154, 166 (2d Cir. 2011) (quoting Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany ("Arbor Hill"), 522 F.3d 182, 183 (2d Cir. 2008)).  The application of the lodestar method in this Circuit also requires a district court, "in exercising its considerable discretion, to bear in mind all of the case-specific variables that [the Second Circuit] and other courts have identified[1] as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." Arbor Hill, 522 F.3d at 190 (emphasis removed); see Barfield v.

---

[1]The most-cited variables are the so-called Johnson factors, including: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Arbor Hill, 522 F.3d at 187 n. 3 (citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)).

N.Y.C. Health and Hosp. Corp., 537 F.3d 132, 151-52 (2d Cir. 2008).   Ultimately, "the presumptively reasonable fee is what a reasonable paying client would be willing to pay, giving that a client wishes to spend the minimum necessary to litigate the case effectively." Disabled Patriots of America, Inc. v. Niagara Group Hotels, LLC, 688 F. Supp. 2d 216, 223 (W.D.N.Y. 2010) (internal quotation marks omitted); see Arbor Hill, 522 F.3d at 184.

### 1.    Hourly Rate

Generally, the reasonable hourly rate is the hourly rate employed by attorneys in the district in which the litigation is brought.  Simmons v. N.Y.C. Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009).   Defendants do not dispute that the hourly rates charged are reasonable, and this Court agrees.

### 2.    Hours Expended

Defendants do make several categorical objections to the hours billed.  First, Defendants argue that approximately 42 hours billed are not supported by adequate descriptions of the work performed or, in the case of approximately 24 of those hours, any itemization.  (Decl. of David J. Sleight, Esq., ¶ 3, Docket No. 166.)   "[A] party seeking attorneys' fees bears the burden of properly documenting the hours worked and that obligation is not satisfied by a vague entry such as 'conference with' or 'call to' a particular person." CDO Plus Master Fund Ltd. v. Wachovia Bank, N.A., No. 07-CV-11078 (LRS)(AJP), 2011 WL 4526132, *4, (citing Connecticut Hosp. Ass'n v. O'Neill, 891 F. Supp. 687, 690–91 (S.D.N.Y. 1994)).  Counsel should "at least ... identify the general subject matter of his time expenditures." Connecticut Hosp. Ass'n, 891 F. Supp. at 691 (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 n. 12, 103 S.Ct. 1933, 76 L. Ed. 2d 40 (1983)).

In his reply, Plaintiff supplements his initial submission by providing billing records for the unitemized hours attributed to attorney Andrew Fleming in 2005 and 2006. (See Docket No. 167.)  These hourly entries, like many of the objected-to entries in the initial submission, list generic telephone conferences or meetings.  The Court therefore finds that an overall five-percent reduction is appropriate. See In re Agent Orange Product Liability Litigation, 818 F.2d 226, 237–38 (2d Cir. 1987) (across the board percentage reduction practical means of "trimming fat from a fee application").

Defendants also object to hours billed for unrelated services.  With respect to those hours billed for work related to the motions of co-defendant University Medical Resident Services, P.C., the claims against this Defendant and Defendants Hassett and Berger were inextricably intertwined and involved a common core of facts.  Green v. Torres, 361 F.3d 96, 98 (2d Cir. 2004) (citing Hensley, 461 U.S. at 435); Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999).  Critical to Plaintiff's claims against all Defendants was whether reinstatement was legally or practically impossible.  Tatum v. City of New York, No. 06-cv-4290 (PGG)(GWG), 2010 WL 334975, *14 (S.D.N.Y. 2010) (rejecting argument that fees and costs related to co-defendant should not be included in fee award).  Similarly, references to hours billed for "ACGME" matters are not unrelated. The fact that the American Council for Graduate Medical Education imposes certain educational requirements on the residency program with which Defendants must comply in order to maintain accreditation was relevant to the discussion of Defendants' ability to reinstate Plaintiff. (See Docket Nos. 80, 81.)

This Court also finds unwarranted a reduction for those hours expended on Plaintiff's future lost surgical wages theory of damages.  Counsel's consultation with an

economic expert occurred prior to the March 19, 2012 Decision and Order that found this theory to be speculative and also dismissed the complaint against Defendants Berger and Hassett in their individual capacities.  (Docket No. 107.)  Thus, Plaintiff's "efforts were undertaken in good faith and were not factually severable from its successful arguments." Koon Chun Hing Kee Soy & Sauce Factory v. Star Mark Mgmt., No. 04-CV-2293 (SMG), 2009 WL 5185808, *7(E.D.N.Y.,2009), aff'd, 409 Fed. App'x 389 (2d Cir. 2010) (declining to reduce attorneys' fee award for time spent on unsuccessful lost profit theory of damages).

This Court agrees with Defendants, however, that the 1.75 hours for billed for a possible court of claims action and an unrelated suit also involving Plaintiff are not compensable in this award.  A reduction of $168.75 is warranted.

Finally, Defendants argue that no fees or costs should be awarded for any work done after the March 19, 2012 Decision and Order which granted Plaintiff's § 1983 due process claim against them in their official capacities.  On July 28, 2012, however, this Court granted Plaintiff's subsequent motion for clarification with respect to his ability to grieve his probationary reinstatement status. (Docket No. 130.) Those hours are compensable.  The final 2.3 hours billed in August 2012 are unrelated to the successful claim, and the requested award will be reduced by $345.00.

3.     Total Fee Award

In the supporting affirmation of his counsel, Plaintiff requests $58,643.75 in attorneys' fees. (Docket No. 160.) However, the billing records submitted, including those

in Plaintiff's reply, support a total of $56,732.18.[2] After the five percent across the board reduction for generic billing entries and the two additional specified reductions, the total amount of attorneys' fees warranted is $53,381.82.

**B.     Costs**

Plaintiff requests for $7119.73 in costs. The majority of this amount is supported by the billing records and Plaintiff's affidavit. (Docket No. 160-2.)  Those costs billed in July and August 2012, which consist largely of the filing fee for a notice of appeal, are unrelated to the successful § 1983 claim, and the amount of costs awarded will be reduced by $513.10.

## III. CONCLUSION

In light of the above discussion, the Court concludes that Plaintiff is entitled to $53,381.82 in attorneys' fees and $6606.63 in costs from Defendants Berger and Hassett.

## IV.  ORDERS

IT IS HEREBY ORDERED that Plaintiff's motion for attorneys' fees and costs is GRANTED as stated above.

SO ORDERED.

Dated: October 15, 2013
          Buffalo, New York

                                    /s/William M. Skretny
                                    WILLIAM M. SKRETNY
                                    Chief Judge
                                    United States District Court

---

[2]There appears to be several discrepancies between the totals stated in counsel's affirmation, the totals stated on the front of Exhibit A to that affirmation, and the totals supported by the billing records themselves.  The Court will rely on the itemized billing records.